UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>          v.<br><br>MANUEL MORFIN-DIAZ,<br><br>                              Defendant. | NO:  CR-12-6031-RMP<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS |

Before the Court is Defendant Manuel Morfin-Diaz's motion to dismiss, ECF No. 46.  Oral argument was held on November 7, 2012.  The Court has reviewed the motion, the declaration filed in support, the Government's response, the Defendant's reply, all other relevant filings, has heard from counsel, and is fully informed.

## BACKGROUND

Mr. Morfin-Diaz is charged with being an alien in the United States after deportation in violation of 8 U.S.C. § 1326.  Mr. Morfin-Diaz contends that he was removed from the United States in 1998 by an immigration officer after he was

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

convicted in 1996 of violating California Health and Safety Code section 11379(a). ECF No. 47 at 1.  Mr. Morfin-Diaz asserts that he did not know that he was signing a removal order and thought that he was voluntarily returning to Mexico.  ECF No. 47 at 2.  Mr. Morfin-Diaz was not asked whether he feared to return to his country nor was he asked if he had a pending application for lawful admission to the United States.  ECF No. 47 at 2.

## DISCUSSION

One of the elements of the crime of illegal reentry under 8 U.S.C. § 1326 is that a defendant must previously have been "denied admission, excluded, deported, or removed," or the defendant must have previously departed the United States while an order of exclusion, deportation, or removal was outstanding.  § 1326 (a)(1).  A defendant facing charges under § 1326 may collaterally attack his prior removal order.  *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006).

To successfully attack a prior removal order, a defendant must demonstrate that: (1) "the alien exhausted any administrative remedies that may have been available to seek relief against the order;" (2) "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review;" and (3) "the entry of the order was fundamentally unfair."  8 U.S.C. § 1326(d).  "An underlying removal order is 'fundamentally unfair' if: '(1)

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

[a defendant's] due process rights were violated by defects in his underlying

deportation proceeding, and (2) he suffered prejudice as a result of the defects.'"

*United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (alteration

in original) (quoting *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th

Cir. 1998)).

        Mr. Morfin-Diaz argues that his right to due process was violated because

his 1996 California conviction was not an aggravated felony and, therefore, could

not support the 1998 removal order.  He further argues that the immigration officer

failed to inform him that he had the right to contest the grounds for deportability as

well as to seek review of the immigration officer's decision.  He asserts that he was

prejudiced by these omissions because he was eligible for voluntary departure.

        An alien who was not admitted to the United States for permanent residence

and who is convicted of an aggravated felony is removable and is not eligible for

discretionary relief from removal.  8 U.S.C. §§ 1227(a)(2)(A)(iii), 1228(b)(5).  It is

undisputed in the record that Mr. Morfin-Diaz was not admitted for permanent

residence.  Accordingly, if this Court concludes that Mr. Morfin-Diaz's 1996

conviction is an aggravated felony then the Court must conclude that Mr. Morfin-

Diaz was administratively removable and that discretionary relief from removal

was unavailable to him, including voluntary departure.  8 U.S.C. § 1229c(a)(1).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

The term "aggravated felony" includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). A drug trafficking crime "means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2).

In determining whether a defendant's prior conviction qualifies as an aggravated felony, the district court engages in the familiar categorical and modified categorical approaches outlined in the Supreme Court's opinion in *Taylor v. United States*, 495 U.S. 575 (1990). *See Salazar-Luviano v. Mukasey*, 551 F.3d 857, 860-61 (9th Cir. 2008). The Ninth Circuit already has determined that Cal. Health & Safety Code § 11379(a) is not categorically an aggravated felony because it is overbroad. *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1128 (9th Cir. 2007) (holding that § 11379(a) punishes more than manufacture, import, export, distribution, dispensing of controlled substances, or possession with intent to do any of the same) *overruled on other grounds by Young v. Holder*, 07-70949, 2012 WL 4074668, at *10 (9th Cir. Sept. 17, 2012).

Where a state criminal offense is not categorically an aggravated felony because it is overbroad, the Court may engage in a modified categorical analysis to determine whether the Defendant's conviction qualifies as an aggravated felony. *See United States v. Aguila-Montes de Oca*, 655 F.3d 915, 940-41 (9th Cir. 2011).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

Under the modified categorical approach, the Court may review a limited class of documents to determine whether a defendant's conviction to an overbroad statute was necessarily for conduct that qualifies as an aggravated felony. *See id.* at 920-21. Those documents include: (1) the charging documents; (2) the terms of a written plea agreement; (3) transcripts of the plea colloquy; (4) jury instructions; (5) findings of fact to which a defendant has assented; and (6) "some comparable judicial record of this information." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 16 (2006)). An example of a comparable judicial record is a state court's minute order. *Aguilar-Turcios v. Holder*, 691 F.3d 1025, 1032 n.10 (9th Cir. 2012).

The Government has provided the Court with the complaint, plea agreement, minute order for the plea, a record of the sentencing hearing, and an abstract of judgment related to Mr. Morfin-Diaz's 1996 conviction. ECF Nos. 50-1 to 50-5. The Complaint charges Mr. Morfin-Diaz with two counts: transportation of amphetamine and sale of amphetamine. ECF No. 50-1. Specifically, count II alleged that Mr. Morfin-Diaz "did willfully and unlawfully sell, ~~furnish, administer, and give away,~~ [sic] a controlled substance, to wit, amphetamine." ECF No. 50-1. Count II also contains a special allegation that Mr. Morfin-Diaz "possessed for sale and sold an amount in excess of that described in [California]

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 5

Penal Code Section 1203.073(b)(2), to wit: 59.4 grams of amphetamine." ECF No. 50-1.

Mr. Morfin-Diaz's signed guilty plea notes that the charge against him is "sale of amphetamine, special allegation excess amount of amphetamine," and reads in pertinent part: "I freely and voluntarily enter my plea of guilty to the charge(s) of sale of amphetamine." ECF No. 50-2. Both the plea agreement and the minute entry for the plea hearing note that count I of the complaint is to be dismissed. ECF Nos. 50-2, 50-3. Taking the signed plea agreement, the minutes, and the complaint together, the Court finds that Mr. Morfin-Diaz was convicted of selling amphetamine under count II of the complaint.

Mr. Morfin-Diaz argues that the abstract of judgment belies the Court's conclusion. He asserts that the abstract of judgment shows that he was convicted of count I of the complaint, which merely alleged that Mr. Morfin-Diaz had transported amphetamine. He asserts that mere transportation is not an aggravated felony. Indeed, the abstract of judgment lists a single conviction referred to as count "1." However, the abstract does not make reference to the complaint. The section relied upon by the Defendant begins "Defendant was convicted of the commission of the following felony (or alternate felony/misdemeanor)." ECF No. 50-5. The list then refers to count "1" of Mr. Morfin-Diaz's convictions. The abstract of judgment does not state that count 1 refers to count I of the complaint.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 6

1    Accordingly, the abstract of judgment raises no ambiguity, and the plea agreement,

2    complaint, and minutes taken together make plain that Mr. Morfin-Diaz pleaded

3    guilty to the sale of amphetamine under count II of the complaint.

4         A "sale" under California law requires an exchange of the controlled

5    substance for value.  Cal. Jury Instructions—Criminal 12.02 (2012) ("'Sale' means

6    any exchange of (controlled substance) for cash, favors, services, goods or other

7    non-cash benefits").  Accordingly, by virtue of Mr. Morfin-Diaz's conviction for

8    sale of amphetamine, Mr. Morfin-Diaz must have exchanged amphetamine for

9    value.

10        Amphetamine is a schedule II controlled substance under federal law.  21

11   U.S.C. §§ 811(a)(1), 812(b)(2); 21 C.F.R. § 1308.12.  Accordingly, the delivery of

12   amphetamine is a felony under Title 21.  21 U.S.C. §§ 841(b)(1)(C).  Delivery

13   means "the actual, constructive, or attempted transfer of a controlled substance or a

14   listed chemical, whether or not there exists an agency relationship."  21 U.S.C. §

15   802(8).  Because Mr. Morfin-Diaz's conviction means he necessarily exchanged

16   amphetamine with another party, Mr. Morfin-Diaz's conviction is for conduct that

17   is punishable as felony delivery of a controlled substance under the Controlled

18   Substances Act and, consequently, is an aggravated felony under § 1101(a)(43)(B).

19   As a result, Mr. Morfin-Diaz was administratively removable.

20   §§ 1227(a)(2)(A)(iii), 1228(b).


ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 7

To the degree that the record suggests deficient disclosures or timing during his removal, Mr. Morfin-Diaz has failed to establish prejudice flowing from any failures to disclose.  The only allegation of prejudice asserted by Mr. Morfin-Diaz is that the immigration officer failed to notify him that voluntary departure was available.  In light of Mr. Morfin-Diaz's conviction for an aggravated felony, voluntary departure was not available.  § 1229c(a)(1).  Therefore, Mr. Morfin-Diaz was not prejudiced.

At oral argument, Mr. Morfin-Diaz raised the issue of asylum.  Mr. Morfin-Diaz stated in his declaration that he was not asked whether he feared returning to his country, that his family had suffered violence from individuals who attempted to rob his family, and that the government did nothing to protect his family.  ECF No. 47.  First, Mr. Morfin-Diaz has failed to assert that he would have sought asylum had he been informed of its availability.  Second, Mr. Morfin-Diaz has failed to present facts establishing a plausible claim of future torture.  *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1049-50 (9th Cir. 2012).  Accordingly, Mr. Morfin-Diaz has failed to establish that he was prejudiced by any failure to disclose the availability asylum.

## CONCLUSION

Mr. Morfin-Diaz's 1996 California conviction is an aggravated felony under § 1101(a)(43)(B).  As a result, Mr. Morfin-Diaz was administratively removable

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 8

and discretionary relief from removal was not available. To the degree that Mr.

Morfin-Diaz has identified deficient disclosures or issues in timing, Mr. Morfin-

Diaz failed to establish that those deficiencies prejudiced him.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendant's motion to dismiss, **ECF No. 46**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to

provide copies to counsel.

**DATED** this 9th day of November 2012.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 9